# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHRISTINA M. TURNER,**
**Claimant Below, Petitioner**

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0909**  (BOR Appeal No. 2051226)
(Claim No. 2015023300)

**BENCHMARK CONFERENCE CENTERS**
**OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christina M. Turner, by J. Thomas Greene Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Benchmark Conference Centers of West Virginia, Inc., by Maureen Kowalski, its attorney, filed a timely response.

The issue in the instant appeal is the rejection of Ms. Turner's claim for workers' compensation benefits. On May 4, 2015, the claims administrator rejected the claim. The Office of Judges affirmed the claims administrator's decision in its Order dated March 31, 2016. This appeal arises from the Board of Review's Final Order dated August 31, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Turner alleges that she injured her lower back on February 19, 2015, while lifting frozen boxes in the course of her employment at Stonewall Jackson Resort. On February 24, 2015, Ms. Turner sought medical treatment with Allyson Andrews, PA-C, for back, right hip, and right leg pain. Ms. Andrews noted that Ms. Turner reported slipping in mud at her home on February 9, 2015, and experiencing pain in her lower back while lifting boxes during the course

1

of her employment following the February 9, 2015, injury.[1] Ms. Andrews diagnosed Ms. Turner with lumbago with sciatica.

Ms. Turner completed a Report of Injury on April 6, 2015. In the report, she indicated that she sustained an injury to her back and hip on February 19, 2015, while lifting frozen boxes, and identified co-worker Christopher Brown as a witness. The physician's portion of the report was completed by Ms. Andrews on April 9, 2015. Ms. Andrews indicated that she initially treated Ms. Turner on February 24, 2015, for lower back pain and sciatica after Ms. Turner slipped and injured her back and hips approximately two weeks prior. The claims administrator rejected Ms. Turner's claim for workers' compensation benefits on May 4, 2015.

On May 5, 2015, Mr. Brown, Ms. Turner's aforementioned co-worker, signed a typed statement in which he indicated that on February 19, 2015, he was moving boxes covered with snow and ice with Ms. Turner. Mr. Brown further indicated that he neither witnessed Ms. Turner sustain an injury nor heard her report an injury on February 19, 2015. Finally, Mr. Brown indicated that on February 18, 2015, Ms. Turner stated that she recently sustained an injury when she slipped and fell at her home.

Finally, Joseph Grady, M.D., performed an independent medical evaluation on October 8, 2015. He noted that Ms. Turner was injured on February 9, 2015, when she slipped and fell at her home, and further noted that she was diagnosed in Stonewall Jackson Memorial Hospital's emergency department with a lumbosacral myofascial sprain/strain as a result of the fall. Dr. Grady then opined that the evidentiary record does not contain any evidence demonstrating that an injury occurred on February 19, 2015. He noted that the evidence of record indicates that the boxes that Ms. Turner was lifting on February 19, 2015, were empty and, therefore, opined that he cannot associate the alleged manner of injury with the alleged injury. He then diagnosed Ms. Turner with chronic lumbosacral myofascial pain secondary to degenerative changes, as revealed via diagnostic imaging.

In its Order affirming the claims administrator's decision to reject the claim, the Office of Judges held that Ms. Turner did not sustain a compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated August 31, 2016. On appeal, Ms. Turner asserts that the evidence of record demonstrates that she sustained an injury in the course of and resulting from her employment on February 19, 2015.

The Office of Judges found that the evidentiary record contains multiple inconsistencies. Specifically, the Office of Judges found that, although Ms. Turner indicated in the Report of Injury that she was injured on February 19, 2015, while lifting frozen boxes, in the same Report of Injury Ms. Andrews indicated that Ms. Turner was injured when she slipped and fell. Further, the Office of Judges found that on February 24, 2015, Ms. Andrews also mentioned that Ms. Turner's symptoms arose following a fall in mud, that occurred on February 9, 2015. Additionally, the Office of Judges took note of Ms. Turner's coworker's statement that he did not witness Ms. Turner sustain an injury on February 19, 2015, and also did not hear her report

---

[1] Ms. Andrews erroneously listed the date of the February 9, 2015, injury as February 6, 2015.

sustaining an injury. Finally, the Office of Judges found the finding of Dr. Grady that Ms. Turner sustained a lumbosacral sprain on February 9, 2015, and did not sustain an injury on February 19, 2015, to be persuasive. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3